# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tony Ringer,
      Petitioner,

    vs.                    Case No. 1:09cv788
                                (Barrett, J.; Hogan, M.J.)

Warden, Warren Correctional
Institution,
      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed February 24, 2010 (Doc. 6), which is opposed by petitioner (Doc. 7).

### Procedural Background

On December 29, 2000, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with two counts of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) with "special felony" firearm specifications. (Doc. 6, Ex. 1). The charges arose from an incident that occurred on or about December 21, 2000, which resulted in the death of Cassandra Betts and her unborn child. (*See id.*).

On February 28, 2002, petitioner waived his right to a jury trial and entered a guilty plea to reduced charges of voluntary manslaughter as defined in Ohio Rev. Code § 2903.03 and to a firearm specification carrying a mandatory 3-year prison term. (*See id.,* Exs. 2-3).

In the filed written plea Entry, which was signed by petitioner and counsel for both parties, petitioner stated that he understood his "right to appeal a maximum

sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." (*Id.*, Ex. 3). In a provision initialed by petitioner, petitioner further averred that he understood and acknowledged that he had "agreed with the prosecution on a potential sentence, to wit: Count 1 - 9 yrs, Count 2 - 9 yrs, Gun Specification - 3 yrs[,] All Counts Consecutive + Gun Spec = Total of 21 yrs." (*Id.*).

Petitioner was sentenced on February 28, 2002 in accordance with the specific terms of the plea agreement to a prison term totaling twenty-one (21) years. (*Id.,* Ex. 4).

Petitioner did not pursue an appeal as of right from the trial court's judgment. Indeed, petitioner took no action to challenge his conviction or sentence until nearly two years and ten months later, when on December 30, 2004, he filed a *pro se* motion to withdraw his guilty plea with the trial court. (*Id.,* Ex. 5). In the motion, petitioner requested as relief that the court "correct specific manifest injustices which occurred in the sentencing process of this case *without* vacating the Defendant's plea" based on the following claims of error:

1. The trial court erred by failing to inform the Defendant that if he plead[ed] guilty ... he would waive his right to have a jury find all additional facts beyond a reasonable doubt which would increase the Defendant's sentence above the statutory maximum sentence this court was authorized to impose by law.

2. The trial court erred by failing to inform the Defendant that if he plead[ed] guilty ... he would waive his right to have a jury find all additional facts beyond a reasonable doubt which could possibly impose consecutive sentencing upon the Defendant as well as a consecutive enhanced gun specification.

3. The court erred by failing to inform the Defendant that he had the right to appeal his case, with or without counsel, at the sentencing hearing.

(*Id.*) (emphasis in original).

On January 13, 2005, the trial court denied petitioner's motion, which it construed as a motion for re-sentencing. (*Id.,* Ex. 6). The court concluded that the

2

motion lacked merit under *Blakely v. Washington*, 542 U.S. 296 (2004), and that petitioner did not have a right to appeal the sentence that he had agreed to as part of his plea bargain with the State. (*Id.*).

Petitioner apparently did not pursue an appeal from the trial court's decision. Over seven months later, on August 25, 2005, he filed a "renewed" *pro se* motion to withdraw his guilty plea with the trial court. (*Id.*, Ex. 7). Petitioner again claimed that "specific manifest injustices" had occurred "in the sentencing process," and requested that he be re-sentenced to concurrent minimum prison terms totaling three (3) years. (*Id.*). On June 29, 2006, the trial court denied the motion, and refused petitioner's request asserted in a supplemental memorandum that he be re-sentenced pursuant to the Ohio Supreme Court's decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006); in so ruling, the court reasoned that *Foster* applied "only to cases pending on direct review at the time of its February 27, 2006 release." (*Id.*, Ex. 12).

Nearly nine months later, on March 22, 2007, petitioner filed a *pro se* notice of appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's denial of his "renewed" motion for withdrawal of the guilty plea. (*Id.*, Ex. 13). In a pleading filed with the state appellate court entitled "Motion To Vacate Sentence and To Re-Sentence Pursuant to R.C. 2953.08(C) Under App.R. 15," petitioner asserted essentially the same claims challenging his sentence that he had raised in his motions to withdraw his guilty plea. (*See id.*, Ex. 14). On April 18, 2007, the Ohio Court of Appeals *sua sponte* dismissed the appeal based on petitioner's failure to file a timely notice of appeal in accordance with Ohio R. App. P. 4(A). (*Id.*, Ex. 15).[1] Apparently, petitioner did not attempt to pursue an appeal from that ruling to the Ohio Supreme Court. (*See id.*, Ex. 28).

Thereafter, petitioner filed three petitions for post-conviction relief with the trial court before commencing the instant action. In the first petition filed on June 26, 2007, petitioner claimed that his initial defense counsel, who recently had "come forward admitting to his drug abuse," was ineffective. (*Id.*, Ex. 18). The petition was denied as untimely on July 11, 2007. (*Id.*, Ex. 20). Upon review of the trial court's on-line docket records, it appears that petitioner did not pursue an appeal from that

---

[1]Petitioner filed a motion for reconsideration, in which he claimed that he "was never notified by the Trial Court of the denial of my motion to withdraw my guilty plea, which was entered 6-19-06." (*Id.*, Ex. 16). The Ohio Court of Appeals summarily denied the motion for reconsideration on May 23, 2007. (*Id.*, Ex. 17).

decision to the Ohio Court of Appeals.

Petitioner filed the second petition for state post-conviction relief on September 13, 2007, raising the same claims challenging his sentence that were previously considered and rejected by the trial court in the proceedings held on petitioner's motions to withdraw his guilty pleas. (*See id.,* Ex. 21). Petitioner filed the third petition for state post-conviction relief on May 2, 2008. (*Id.,* Ex. 22). In that petition, petitioner again challenged his sentence and claimed for the first time that one of his convictions for voluntary manslaughter is invalid because the victim was a fetus in the early weeks of gestation, who did not fall within the definition of "person" under the Constitution. (*Id.*). On June 25, 2008, the trial court denied the petitioner's "Pro Se Motion To Vacate Conviction and Resentence" without opinion. (*Id.,* Ex. 23).[2]

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, claiming as assignments of error that (1) the trial court erred when it sentenced him to consecutive prison terms; and (2) the trial court erred "when it accepted [his] Guilty plea to voluntary manslaughter without First determining if the fetus was a living baby." (*Id.,* Exs. 24-25). On May 20, 2009, the Ohio Court of Appeals affirmed the trial court's judgment; the court reasoned that the post-conviction petition was untimely under Ohio Rev. Code § 2953.21 and petitioner had not shown as required under Ohio Rev. Code § 2953.23 that he was "unavoidably prevented from discovering the facts upon which his petition depended, []or based his claims upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the prescribed time had expired." (*Id.,* Ex. 27). Apparently, petitioner did not pursue a further appeal to the Ohio Supreme Court. (*See id.,* Ex. 28).

Petitioner commenced the instant action on October 27, 2009, the date he avers that he placed the federal habeas petition in the "prison mailing system" for submission to the Court. (*See* Doc. 1, p. 15).[3] In the petition, petitioner alleges as the

---

[2]On review of the trial court's on-line docket records, it does not appear that the June 25, 2008 entry was ever docketed.

[3]Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir.1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

sole ground for relief that the trial court violated his constitutional rights when it accepted his guilty plea to the count of the indictment charging him "with the death of a 4-6 week old fetus." (*Id.,* p. 6).

In response to the petition, respondent has filed a motion to dismiss. Respondent contends in part that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 6, pp. 9-12). Petitioner opposes respondent's motion, but does not address respondent's contention that the petition is time-barred. (*See* Doc. 7).

## OPINION

### The Petition Is Barred From Review On Statute Of Limitations Grounds

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's sole claim for habeas relief, which accrued when petitioner was informed of the criminal charges contained in the indictment, is governed by the one-year statute of limitations set forth in § 2244(d)(1)(A). There is no evidence in the record, nor has petitioner alleged any facts to suggest, that (1) petitioner was not aware of, or could not have discovered through the exercise of due diligence, the factual predicate of the claim by the time his conviction became final by the conclusion of direct review or the expiration of time for seeking such review; (2) petitioner was prevented by a state-created impediment from filing a timely federal

habeas petition;[4] or (3) petitioner's claim is based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the provisions set forth in 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable, and as respondent has argued, "the appropriate date to start the limitation period [is] 'the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of time for seeking such review.'" (Doc. 6, Brief, p. 10).

Petitioner's conviction and sentence became "final" within the meaning of § 2244(d)(1)(A) on March 30, 2002, when the thirty-day period expired for filing a timely appeal to the Ohio Court of Appeals from the trial court's February 28, 2002 judgment entry of conviction and sentence. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running one day later on March 31, 2002. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles, the limitations period expired one year later on March 31, 2003, and the instant petition filed over six and one-half years later in October 2009 is time-barred.

During the one-year period beginning March 31, 2002, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C.

---

[4]Petitioner did allege in his first motion to withdraw his guilty plea that the trial court failed to advise him at the sentencing hearing that he had a right to an appeal. (*See* Doc. 6, Ex. 5). However, this allegation is insufficient to establish that petitioner was prevented from filing a timely federal habeas petition by conduct that amounted to a state impediment under § 2244(d)(1)(B). In the written plea agreement signed by petitioner, petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights *and that any appeal must be filed within 30 days of my sentence;*" petitioner also stated that he had "read this form and . . . knowingly, voluntarily, and intelligently enter this guilty plea." (*Id.,* Ex. 3) (emphasis added). It, therefore, appears clear from the record that petitioner was placed on notice and understood at the time he entered his plea that he had at least a limited right to an appeal, which he was required to file promptly within a thirty-day time frame. *Cf. Hawk v. Warden, Noble Corr. Inst.,* No. 2:06cv707, 2007 WL 2840319, at *1, 4 (S.D. Ohio Sept. 27, 2007) (Watson, J.; Abel, M.J.) (unpublished) (rejecting the petitioner's argument that he was actually prevented from timely filing his federal habeas petition, where the petitioner was similarly informed in the written plea agreement that he had a limited right of appeal which he was required to file within thirty days of sentencing); *see also Pearl v. Warden, Lebanon Corr. Inst.,* No. 1:08cv03, 2009 WL 890502, at *3, *8 (S.D. Ohio Mar. 30, 2009) (Barrett, J.; Hogan, M.J.) (unpublished).

§ 2244(d)(2).[5]  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[6]  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.*[7]

In this case, petitioner took no action to challenge his conviction or sentence until December 30, 2004, when he filed his first *pro se* motion to withdraw his guilty plea with the trial court.  Thereafter, he filed another motion to withdraw his guilty plea, as well as three petitions for post-conviction relief, in the state courts.  However, neither the motion filed in December 2004, several months after the statute of limitations had run its course, nor the motion and petitions that followed may serve to toll the limitations period which had long since expired.  Therefore, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases.  *Holland v. Florida,* 130 S.Ct. 2549, 2560 (2010); *see also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.), *cert. denied,* 543 U.S. 865 (2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001).  The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland,* 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005), which in turn cited *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

---

[5]*See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) *(per curiam); Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) *(per curiam), cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[6]*See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998)

[7]*Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights. Therefore, petitioner is not entitled to equitable tolling in this case.

Accordingly, in sum, the undersigned concludes that the statute of limitations commenced running on March 31, 2002 and expired one year later on March 31, 2003. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case. Petitioner's federal habeas corpus petition filed on October 27, 2009, over six and one-half years after the limitations period ended, is time-barred. Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with

prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for the sole ground for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/29/10

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\09-788grant-MTD-sol.mtnwithdrawplea.wpd

---

[8]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in the petition. *See Slack,* 529 U.S. at 484. However, it is noted that a strong argument can be made that petitioner also fails to satisfy the second part of the *Slack* standard. It appears that petitioner was validly charged in Count Two for committing the aggravated murder offense defined in Ohio Rev. Code § 2903.01(A) as "purposely, and with prior calculation and design, caus[ing] ... the unlawful termination of another's pregnancy." (*See* Doc. 6, Ex. 1). Under Ohio law, "unlawful termination of another's pregnancy" is defined as "causing the death of an unborn member of the species homo sapiens, who is or was carried in the womb of another, as a result of injuries inflicted *during the period that begins with fertilization and that continues unless and until live birth occurs.*" *See* Ohio Rev. Code § 2903.09(A). It, therefore, appears that in this case, which does not fall within the category of "legal abortions" or other exception from liability, petitioner could be criminally charged and convicted for killing a non-viable fetus. *Cf.* Ohio Rev. Code § 2903.09(C)(1).

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

Tony Ringer,
      Petitioner

     vs                            Case No. 1:09cv788
                                      (Barrett, J.; Hogan, M.J.)

Warden, Warren Correctional
Institution,
      Respondent

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tony Ringer # 419-916
Warren Corr. Inst.
PO Box 120
State Route 63
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
   (Transfer from service label)

7002 3150 0000 8389 8596

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540

1:09 cv 788  (Doc. 8)