**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Tony Ringer,

      Petitioner,

           v.                                 Case No.  1:09cv788

Warden, Warren Correctional Institution,           Judge Michael R. Barrett

      Respondent.


## ORDER

This matter is before the Court on the Report and Recommendation filed by Magistrate Judge Hogan on July 29, 2010 (Doc.8). Petitioner filed objections on August 13, 2010 (Doc. 10). Magistrate Judge Hogan recommends that Respondent's motion to dismiss (Doc. 6) be GRANTED and that Petitioner's petition for writ of habeas corpus be DENIED with prejudice on the ground that it is time-barred under 28 U.S.C. §2244(d).

I.     Procedural Background

The underlying procedural background is sufficiently set forth in the Report and Recommendation. However, the Court will repeat the relevant facts as applicable to this Order. On February 28, 2002, Petitioner entered a guilty plea to reduced charges of voluntary manslaughter as defined in Ohio Rev. Code §2903.03 and to a firearm specification. That same day Petitioner was sentenced to 9 years on each count of voluntary manslaughter and 3 years on the gun specification, all to run consecutively, for a total of 21 years. Petitioner did not file a direct appeal. Petitioner's writ of habeas corpus was filed on October 27, 2009 with the sole ground for relief being that the trial court violated his constitutional rights when it accepted his guilty plea to the count of the

indictment charging him "with the death of a 4-6 week old fetus."  (Doc. 1, PageID#5).

II.    Legal Standard

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...."  Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).   General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

The Petitioner raises two arguments in his objections.  The first focuses on the issue of exhaustion[1] whereby he argues that the Ohio Supreme Court did, in fact, have the opportunity to address the issues raised in his petition.  However, this issue is not the basis for the recommendation of Magistrate Judge Hogan and, even if it was the basis, there is no evidence in the record to show that Petitioner did, in fact, appeal to the Ohio Supreme Court.[2]

Petitioner next argues that his petition is not time barred.  However, other than making that bald assertion, Petitioner has provided no evidence to support this argument.  He does assert that he addressed the issue in his response to the motion to dismiss (Doc.

---

[1]A petitioner must first exhaust his available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts, which include the state's highest court.  28 U.S.C. § 2254(b).

[2]The Court also checked the Supreme Court of Ohio's website and found no cases that relate to Petitioner.

7); however, upon review by this Court, the response is silent on this issue.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), establishes a statute of limitations for writs of habeas corpus.  28 U.S.C. §2244(d)(1) states the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As properly set forth by Magistrate Hogan, the only applicable section is §2244(d)(1)(A). Thus, the appropriate date from which the statute of limitations is calculated is from when the thirty-day period expired for the filing of a timely appeal to the Ohio Court of Appeals. In this case that would be thirty days from the trial court's February 28, 2002 judgment entry of conviction and sentence.  Thus, in order to satisfy the statute of limitations, the petition for writ of habeas corpus would have had to have been filed on or before March 31, 2003.[3]  Since the petition was not filed until October 27, 2009, over six years after the running of the statute of limitations, the petition is time barred.

III.    Conclusion

Having reviewed this matter de novo pursuant to 28 U.S.C. 636, this Court finds the

--------

[3]The tolling provision of 28 U.S.C. §2244(d)(2) is not applicable to this case.

Magistrate Judge's Report and Recommendation to be correct.  Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED.**  A certificate of appealability should not issue with respect to petitioner's claims for relief under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).  With respect to any application by petitioner to proceed on appeal in *forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal in *forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

       **IT IS SO ORDERED.**

                                   *s/Michael R. Barrett*
                                   UNITED STATES DISTRICT JUDGE

4